UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTOINE EDWARDS                                          CIVIL ACTION

VERSUS                                                   NO. 23-7342

NEW ORLEANS CRIMINAL COURT                               SECTION: "J"(1)
POLICE JURY 41 JUDICIAL COURT

## REPORT AND RECOMMENDATION

Petitioner, Antoine Edwards, was convicted in Louisiana state court of two counts of second degree murder and sentenced to two concurrent life sentences without benefit of probation, parole, or suspension of sentence. State v. Edwards, 336 So. 3d 479 (La. App. 4th Cir. 2022), writ denied, 337 So. 3d 908 (La. 2022), cert. denied, 143 S. Ct. 1087 (2023). For the fourth time in less than two years, he is now once again before this federal court alleging various improprieties concerning that state prosecution and conviction.[1]

With respect to that state proceeding, petitioner first filed a federal civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to its screening authority, the Court dismissed that case *sua sponte*. Edwards v. Louisiana, Civ. Action No. 22-2171, 2023 WL 1170309 (E.D. La. Jan. 4, 2023), adopted, 2023 WL 1102567 (E.D. La. Jan. 30, 2023), appeal dismissed, No. 23-30587 (5th Cir. Jan. 2, 2024).

Petitioner next filed a federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. That case was dismissed because he had not exhausted his remedies in the state courts as required by federal law. Edwards v. Hooper, Civ. Action No. 22-2199, 2023 WL

---

[1] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

2336953 (E.D. La. Jan. 27, 2023), adopted, 2023 WL 2330074 (E.D. La. Mar. 2, 2023), certificate of appealability denied, No. 23-30164, 2023 WL 6162805 (5th Cir. June 19, 2023).

Petitioner then filed yet another federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In that third case, the undersigned United States Magistrate Judge has recommended that (1) petitioner's habeas claims again be dismissed unless he omits his unexhausted claims and (2) his incorporated non-habeas claims be dismissed without prejudice to his right to raise them in a separate lawsuit filed pursuant to 42 U.S.C. § 1983 and in conformity with the Prison Litigation Reform Act. Edwards v. New Orleans Police Department, Civ. Action No. 23-3353 (E.D. La. Dec. 13, 2023). That recommendation is currently pending before the United States District Judge.

Undeterred, petitioner has now instituted the instant action by filing a pleading he styled as a "Petition Complaint Emergency Action." Rec. Doc. 1. Because that pleading once again (1) challenges the validity of his state criminal conviction (this time advancing an argument, among others, that his right to a speedy trial was violated), (2) claims that he is being illegally imprisoned, and (3) asks that his sentences be vacated and that he be released, the Clerk of Court reasonably interpreted the pleading as a deficient habeas corpus petition, issued petitioner a Notice of Deficient Filing, and directed him to submit a petition for writ of habeas corpus on the Court's approved habeas form. Rec. Doc. 3. Petitioner did not comply. Instead, he submitted a response in which he emphatically stated, "This Is Not A Habeas Corpus." Rec. Doc. 4, p. 3. However, his pleading cannot validly be construed as anything other than a habeas corpus petition, because "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, **his sole federal remedy is a writ of habeas corpus**." Preiser v.

Rodriguez, 411 U.S. 475, 500 (1973) (emphasis added). See also Brian R. Means, Federal Habeas Manual § 1:35 (2023) ("Habeas is the 'exclusive remedy' for prisoners seeking 'immediate or speedier release' from confinement. Therefore, if success on a claim would necessarily spell speedier release, the claim *must* be brought in a habeas corpus petition. It cannot, for example, be pursued in a civil rights or other type of non-habeas action.").

Moreover, because it is in fact a habeas corpus petition, the Court can dismiss it *sua sponte*, without even requiring an answer from the state, if petitioner clearly is not entitled to relief. See Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). And, here, petitioner plainly is not entitled to habeas corpus relief because he has not complied with the federal exhaustion requirement.[2] As was already explained to him in both of his prior two habeas cases, a petitioner generally must exhaust his remedies in the state courts prior to seeking habeas corpus relief. See 28 U.S.C. § 2254(b)(1). For that exhaustion requirement to be satisfied, the petitioner must have provided the state's highest court with "a fair opportunity to pass upon the claim" by presenting the claim to that court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988) (quotation marks omitted). Further, if a petitioner's federal application contains both exhausted and unexhausted claims, then the application is considered a "mixed" petition subject to immediate dismissal without prejudice. Rose v. Lundy, 455 U.S. 509, 522 (1982) ("[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a

---

[2] "The district court has the ability to *sua sponte* raise procedural defenses like failure to exhaust …." Carty v. Thaler, 583 F.3d 244, 257 n.10 (2009). See also Brian R. Means, Federal Habeas Manual § 9C:7 (2023) ("Both federal district courts and circuit courts can *sua sponte* raise the procedural defense of exhaustion of state remedies.").

3

district court must dismiss habeas petitions containing both unexhausted and exhausted claims."); see also Pliler v. Ford, 542 U.S. 225, 230 (2004) ("Under Rose, federal district courts must dismiss mixed habeas petitions."); Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

In Civil Action No. 22-2199, this Court explained to petitioner that he has exhausted only the following two claims in the Louisiana state courts: (1) that the state violated his right to due process under Napue v. Illinois, 360 U.S. 264 (1959), by eliciting and using false testimony that misrepresented the credibility of witnesses Mashonda Johnson and Torrie Williams; and (2) that the prosecutor's repeated elicitation to accusatory testimonial hearsay deprived petitioner of a fair trial. The undersigned then explained that to petitioner for a second time in the Report and Recommendation currently pending in Civil Action No. 23-3353. Nevertheless, less than one week later, petitioner filed this new action in which he once again asserts claims other than the two previously identified exhausted claims.

Because the Louisiana Supreme Court has issued no opinions concerning petitioner's state criminal judgment since the issuance of the pending Report and Recommendation, it necessarily follows that no additional claims have been exhausted in the interim. So, **once again**, petitioner has filed a habeas corpus petition that does not comply with the federal exhaustion requirement. Accordingly, immediate *sua sponte* dismissal is appropriate.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition filed by Antoine Edwards be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __10th__ day of January, 2024.

 

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**